Jeremy A. Lawrence (State Bar No. 270866)
jlawrence@fbm.com
Christopher C. Hamborsky (State Bar No. 362284)
chamborsky@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
VIEW OPERATING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARSTONE SPECIALTY INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>VIEW OPERATING CORPORATION, F/K/A VIEW, INC. and VIDUL PRAKASH,<br><br>          Defendants. | Case No. 5:25-cv-06485-BLF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BY DEFENDANT VIEW OPERATING COMPANY**<br><br>   Date:        October 16, 2025<br>   Time:        9:00 a.m.<br>   Location:    Courtroom 5, 4th Floor<br><br>   The Hon. Beth Labson Freeman<br>   Trial Date: N/A |

MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION BY VIEW OPERATING
COMPANY - Case No. 5:25-cv-06485-BLF

46282\20533906.6

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION ..................................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ............................................................................1

INTRODUCTION .......................................................................................................................2

ARGUMENT ..............................................................................................................................2

CONCLUSION ...........................................................................................................................3

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION BY VIEW OPERATING
COMPANY - Case No. 5:25-cv-06485-BLF

46282\20533906.6

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014)..................................................................................................2

*Matheson v.* Progressive *Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ................................................................................................2

*N. Cnty. Commc'ns Corp. v. California Catalog & Tech.*
    594 F.3d 1149 (9th Cir. 2010)..................................................................................................2

*Rainero v. Archon Corp.*
    844 F.3d 832 (9th Cir. 2016).....................................................................................................3

*Torres v. Tanner*
    No. 24-CV-07353-DMR, 2024 WL 5237436 (N.D. Cal. Oct. 30, 2024) , *report
    and recommendation adopted*, No. 24-CV-07353-TLT, 2024 WL 5237435
    (N.D. Cal. Nov. 14, 2024). ................................................................................................2–3

### FEDERAL RULES

Federal Rule of Civil Procedure 12................................................................................................2, 3

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION BY VIEW OPERATING
COMPANY - Case No. 5:25-cv-06485-BLF

46282\20533906.6

## <u>NOTICE OF MOTION</u>

TO PLAINTIFF STARSTONE INSURANCE COMPANY AND ITS ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on October 16, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Beth Labson Freeman in Courtroom 1, 5th Floor, located at 280 South First Street, San Jose, CA 95113, Defendant View Operating Corporation ("View") will and hereby does move this Court to dismiss this case under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Pursuant to Local Rule 7-4, View requests an order granting its motion to dismiss this case on the grounds that there is a lack of subject matter jurisdiction, including under 28 U.S.C. §§ 1331 and 1332.

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BY VIEW OPERATING COMPANY - Case No. 5:25-cv-06485-BLF

1

46282\20533906.6

## INTRODUCTION

There is no federal jurisdiction in this case because this is a dispute between two Delaware citizens. StarStone Specialty Insurance Company ("StarStone") claims that there is diversity jurisdiction in this case, but it is incorrect. Since this is StarStone's *only* stated basis for federal subject-matter jurisdiction, View Operating Corporation ("View") seeks dismissal of this case.

## ARGUMENT

This Court lacks jurisdiction to hear this case, and dismissal is proper under Federal Rule of Civil Procedure 12(b)(1). When ruling on a facial challenge to a plaintiff's jurisdictional allegations, a court accepts the plaintiff's allegations as true, draws all reasonable in plaintiff's favor, and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 710 F. 3d 1130, 1133 (9th Cir. 2013)). In its Complaint, StarStone states there is diversity jurisdiction, citing to 28 U.S.C. § 1332. Complaint, ¶ 19. StarStone also states that both StarStone and View are Delaware corporations. Complaint, ¶¶ 16–17. However, "[j]urisdiction founded on 28 U.S.C. § 1332 requires that the parties be in *complete* diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (emphasis added). Since both StarStone and View are Delaware citizens, there is *not* complete diversity amongst the parties, and this Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332.

There is also no federal question jurisdiction under 28 U.S.C. § 1331. StarStone asserts two claims for declaratory relief, but "[t]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction[.]" *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010) (quoting *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005)). StarStone asserts no other causes of action or possible bases for federal jurisdiction.

It also makes no difference that this case is related to another case over which the Court does have subject-matter jurisdiction. "A related case does not confer federal question jurisdiction just because it happens to be in federal court." *Torres v. Tanner*, No. 24-CV-07353-DMR, 2024

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION BY VIEW OPERATING
COMPANY - Case No. 5:25-cv-06485-BLF

2

46282\20533906.6

WL 5237436, at *2 (N.D. Cal. Oct. 30, 2024), *report and recommendation adopted*, No. 24-CV-07353-TLT, 2024 WL 5237435 (N.D. Cal. Nov. 14, 2024).

### CONCLUSION

"If a court determines that it lacks subject matter jurisdiction, it is required to 'dismiss the complaint in its entirety.'" *Rainero v. Archon Corporation*, 844 F.3d 832, 841 (9th Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006)). Given that there is neither diversity jurisdiction nor federal question jurisdiction, View moves under Rule 12(b)(1) of the Federal Rules of Civil Procedure for dismissal of this case in its entirety for lack of subject matter jurisdiction.

Dated:  August 14, 2025                                FARELLA BRAUN + MARTEL LLP


By:    */s/ Jeremy A. Lawrence*
      Jeremy A. Lawrence
      Christopher C. Hamborsky*

Attorneys for Defendant
VIEW OPERATING CORPORATION

*admission to the United States District Court for the Northern District of California pending*

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BY VIEW OPERATING COMPANY - Case No. 5:25-cv-06485-BLF

3

46282\20533906.6